NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 16 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCELINO NAVARRO GOMEZ,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>Respondent. | No. 25-2352<br><br>Agency No.<br>A216-474-801<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2026[**]
Phoenix, Arizona

Before: GRABER, HURWITZ, and DESAI, Circuit Judges.

Marcelino Navarro Gomez, ("Navarro-Gomez") a native and citizen of

Mexico, petitions for review of a Board of Immigration Appeals ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). We deny the petition for review.

We review for substantial evidence the BIA's determination that a petitioner failed to show his removal will result in exceptional and extremely unusual hardship. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). Our jurisdiction is limited to the application of the exceptional and extremely unusual hardship standard "to an established set of facts." *Wilkinson v. Garland*, 601 U.S. 209, 212 (2024). "The facts underlying any determination on cancellation of removal" are unreviewable. *Id.* at 225.

Substantial evidence supports the BIA's conclusion that Navarro-Gomez failed to demonstrate that his daughters would face exceptional and extremely unusual hardship upon his removal. The BIA discussed the "financial, educational, medical, and emotional hardship" that Navarro-Gomez's daughters would face but determined that, when "viewed cumulatively," that hardship does not rise to the "demanding exceptional and extremely unusual hardship standard." Although the daughters may struggle by losing Navarro-Gomez as a source of emotional and financial support, this hardship does not "deviate, in the extreme" from the "hardship that results in the usual, ordinary course" when a family member is removed. *Gonzalez-Juarez*, 137 F.4th at 1006. Navarro-Gomez does not point to any evidence in the record that "compels a contrary conclusion." *See Duran-Rodriguez v. Barr*,

918 F.3d 1025, 1028 (9th Cir. 2019).

Navarro-Gomez challenges the IJ's assumption that the daughters may be able to achieve their educational goals despite his removal because they could receive scholarships or financial aid in the future. But "our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019) (citation modified). Here, the BIA did not expressly adopt the IJ's finding about the daughters' ability to receive scholarships or financial aid. Moreover, the IJ's factual assumption that Navarro-Gomez "would be able to find employment in Mexico and continue to financially support his children" is a factual finding that this court cannot review. *See Wilkinson*, 601 U.S. at 225 ("[A]n IJ's factfinding on . . . the level of financial support a noncitizen currently provides remain[s] unreviewable.").

Petition **DENIED.**[1]

---

[1]    Navarro-Gomez's motion for a stay of removal, Dkt. No. 3, is denied. The temporary stay of removal shall remain in place until the mandate issues.